UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

February 22, 2016

MEMORANDUM TO COUNSEL RE:   Paula Goffe v. Johns Hopkins Health System Corporation
Civil Action No. GLR-15-695

Dear Counsel:

Pending before the Court is Defendant's, Johns Hopkins Health System Corporation ("JHHSC"), Motion for Summary Judgment. (ECF No. 25). The Motion is unopposed.[1] Upon consideration of the Motion and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons stated below, the Motion will be granted.

Goffe, a Seventh-Day Adventist, is a former employee of JHHSC. Due to her religion, Goffe was required to leave work on Friday afternoon to observe her Sabbath, which begins at sundown on Fridays. Goffe testified that in January 2013, as she prepared to leave work to observe her Sabbath, her immediate supervisor, Joanne Pelham, told her to hurry up or she would turn into a pumpkin. Goffe also testified that in February 2013, another supervisor, Jeff Ostrow made a comment that he was "God" and teased her for listening to gospel music. Also, throughout her employment, her co-workers attended after-work happy hours. Goffe would not attend the events because her religion required her to avoid such environments. Lastly, at some point between December 2013 and February 2014, Ostrow hired Yvette Collins, whom Goffe believed to be her replacement.

On July 2, 2014, filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging, inter alia, hostile work environment. On February 15, 2015, Goffe filed a Complaint in the Circuit Court for Baltimore City, Maryland, alleging employment discrimination based on her race, religion, and "health status" and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq. (2012) (Count I), wrongful termination (Count II), and intentional infliction of emotional distress (Count III). (ECF No. 2). On March 12, 2015, JHHSC removed the matter to this Court based on federal question jurisdiction under 28 U.S.C. § 1331 (2012). (ECF No. 1). On June 2, 2015, this Court issued a Memorandum Opinion and Order dismissing all of Goffe's claims with the exception of her religion-based hostile work environment claim. (ECF Nos. 16, 17). On June 12,

---

[1] On January 14, 2016, Plaintiff Paula Goffe requested an extension of time of fourteen days to file a response to the Motion for Summary Judgment. (ECF No. 27). On January 29, 2016, the Court granted Goffe's request, providing her with an extension to February 1, 2016. (ECF No. 29). To date, the Court has no record that Goffe filed a response.

2015, JHHSC filed an Answer to the remaining Count of the Complaint. (ECF No. 18). On December 11, 2015, JHHSC filed the instant Motion pursuant to Federal Rule of Civil Procedure 56(c). (ECF No. 25).

Rule 56(c) provides that summary judgment shall be rendered if the pleadings and depositions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that the material facts are not in dispute and that there can be no reasonable dispute as to the legal conclusions to be drawn from those facts. Carroll v. United Steelworkers of Am., AFL-CIO-CLC, 498 F.Supp. 976, 978 (1980), aff'd, 639 F.2d 778 (4th Cir. 1980). After the moving party meets this initial burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Id.

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In Maryland, a plaintiff must file a discrimination charge with the EEOC within 300 days after the alleged unlawful employment practice. Davis v. Balt. Hebrew Congregation, 985 F.Supp.2d 701, 713 (D.Md. 2013) (citing Prelich v. Med. Res., Inc., 813 F.Supp.2d 654, 661 (D.Md. 2011)). Goffe filed her charge on July 2, 2014. The earliest date within the limitations period is September 5, 2013. Thus, only acts by JHHSC since September 5, 2013 can form the basis of Goffe's Title VII claim. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). As such, the statements Goffe's supervisors made in January and February of 2013 regarding God, her gospel music, and her turning into a pumpkin are time-barred and, thus, not actionable.

The Court now turns to the remaining acts used to support Goffe's religion-based harassment claim—the after-work happy hours and the hiring of Collins as her replacement. To prove a hostile work environment claim, the plaintiff must show: "(1) the harassment was unwelcome; (2) the harassment was based on [the plaintiff's religion] . . . ; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998). A plaintiff must do more than make conclusory allegations of harassment. Id.

Goffe has presented no evidence that the hiring of Collins was based on her religion or amounted to discriminatory changes in the terms and conditions of her employment. Similarly, Goffe has failed to demonstrate that her voluntary refusal to attend happy hour with her colleagues after work amounted to any changes in the terms and conditions of her employment. In fact, Goffe has presented no actionable evidence of any religious harassment. The Court, therefore, finds that JHHSC is entitled to judgment as a matter of law.

For the reasons outlined above, JHHSC's Motion for Summary Judgment (ECF No. 25) is GRANTED.  The Complaint is DISMISSED.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

>Very truly yours,
>
>/s/
>_____
>George L. Russell, III
>United States District Judge